**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4541**

———————————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

JOHNNIE B. GRAY,

              Defendant – Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., District
Judge.  (3:10-cr-01029-JFA-1)

———————————

Submitted:  September 9, 2011      Decided:  September 16, 2011

———————————

Before KING, KEENAN, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.   William N. Nettles, United
States Attorney, Dean A. Eichelberger, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnnie B. Gray pleaded guilty without the benefit of a plea agreement to copyright infringement, in violation of 17 U.S.C. § 506(a)(1) (2008) and 18 U.S.C. § 2319(b)(1) (2008). He was sentenced to twenty-four months' imprisonment. The sole issue presented on appeal is whether, for purposes of a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2B5.3(b)(3)(A) (2010), Gray "manufactured" infringing items. We affirm.

In assessing a sentencing court's application of the Guidelines, we review its legal conclusions de novo and its factual findings for clear error. United States v. Mehta, 594 F.3d 277, 281 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010). A district court may apply a sentencing enhancement if it is supported by a preponderance of the evidence. United States v. Blauvelt, 638 F.3d 281, 293 (4th Cir. 2011), petition for cert. filed, 79 U.S.L.W. 3712 (U.S. June 6, 2011) (No. 10-1473).

The Guidelines allow for a two-level increase of a defendant's offense level when the "offense involved the manufacture, importation, or uploading of infringing items." USSG § 2B5.3(b)(3)(A). Here, Gray not only bought and resold infringing materials, but he personally created infringing materials using equipment found in his home.

We therefore conclude that the district court's application of the enhancement was not clearly erroneous. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED